IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.  24-MJ-80

ROMANE TOUMANI,

                Defendant.

---

### GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO REVOKE THE MAGISTRATE JUDGE'S ORDER

**THE UNITED STATES OF AMERICA**, by and through its attorneys, Trini E. Ross, United States Attorney for the Western District of New York, and the undersigned Assistant United States Attorney, hereby files this Memorandum of Law in Support of its Motion to Revoke United States Magistrate Judge Michael J. Roemer's Order releasing defendant Romane Toumani.

### PROCEDURAL HISTORY

On February 9, 2024, Magistrate Judge Roemer signed a criminal complaint charging the defendant with a violation of Title 18, United States Code, Section 111(a)(1) [Assaulting, resisting, or impeding certain officers or employees]. The victim, here, is a United States Customs and Border Patrol agent.

On February 12, 2024, the defendant appeared before Magistrate Judge Roemer for an initial appearance. The government moved for detention. Magistrate Judge Roemer

released the defendant on conditions upon the posting of a $5,000 cash bond.[1] That same day, on February 12, 2024, the government filed its intention to seek review of the order, and United States District Court Judge John L. Sinatra was assigned to this matter.

On February 13, 2024, District Court Judge Sinatra stayed Magistrate Judge Romer's release order.

## **STANDARD OF REVIEW AND LEGAL FRAMEWORK**

Review of a magistrate judge's release order is *de novo*. "[W]here a defendant is ordered released by a magistrate judge, the government may, under 18 U.S.C. § 3145(a)(1), move for revocation of the release order before the district court. Upon such motion, the district court must perform a *de novo* review of the magistrate judge's release order." *United States v. Boorman*, 130 F. Supp. 2d 394, 398 (W.D.N.Y. 2001) (citing *United States v. Leon*, 766 F.2d 77, 80 (2d Cir.1985)). Under that standard, a district court owes no deference to the magistrate judge's decision but, rather, must "reach its own independent conclusion." *Leon*, 766 F.2d at 80. *See also United States v. Colombo*, 777 F.2d 96, 100 (2d Cir. 1985). Moreover, the district court is not limited to the record made before the magistrate judge. Instead, the district court may take additional evidence or conduct a new hearing altogether. *See Boorman*, 130 F. Supp. 2d at 398 ("When making its *de novo* review, the district court may rely on the record of the proceedings before the magistrate judge and may also accept additional evidence."); *see also Colombo*, 777 F.2d at 98.

---

[1] The government ordered a copy of the transcript of the February 12, 2024, proceedings before Magistrate Judge Romer.

Moreover, the Bail Reform Act, discussed in detail below, requires courts to consider the four factors listed in 18 U.S.C. § 3142(g): (1) "the nature and circumstances of the offense charged, including whether the offense is a . . . crime of violence"; (2) the "weight of the evidence against the person"; (3) the "history and characteristics of the person"; and (4) the "nature and seriousness of the danger to any person or the community that would be posed by the person's release." Importantly, the same factors are to be considered in determining "whether the presumptions of dangerousness and flight are rebutted." *Mercedes*, 254 F.3d at 436.

Finally, "[t]he facts the judicial officer uses to support a finding . . . that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence." 18 U.S.C. § 3142(f)(2). That burden relaxes, however, where the government moves for detention based upon a risk of flight. Under those circumstances, the government need only establish by a preponderance of the evidence that the defendant "if released, presents an actual risk of flight." *United States v. Sabhnani*, 493 F.3d 63, 75 (2d. Cir. 2007) (citation omitted).

## ARGUMENT

**I.     THE 18 U.S.C. § 3142(G) FACTORS REINFORCE THE STATUTORY PRESUMPTIONS OF DANGEROUSNESS AND FLIGHT.**

The defendant cannot carry her burden to rebut the presumptions that "no condition or combination of conditions will reasonably assure" against danger or flight. 18 U.S.C. § 3142(e). There are no conditions—including those set by Magistrate Judge Roemer—that can reasonably assure the safety of the community and others or the defendant's appearance at trial. Accordingly, this Court should revoke Magistrate Judge Roemer's release order, and

3

order the defendant be detained pending trial.

**A.     The nature and circumstances of the offense are very serious.**

The defendant is charged with a very serious offense. Specifically, defendant Romane Toumani engaged in an unprovoked attack upon a uniformed federal agent engaged in his official duties as United States Customs and Border Patrol agent, which caused the now-victim bodily injury. The defendant did so while attempting to enter the United States via the Peace Bridge. When the defendant refused a search of her purse, she was to be returned to the secondary inspection area. However, the defendant refused to comply. Instead, the defendant positioned herself in a fighting stance and proceeded to bite the victim on his left arm and left hand. As a result of the defendant's actions, the victim sustained noticeable wounds, and sought and received medical treatment for said wounds.

**B.     The evidence supporting the charges is strong and compelling, further incentivizing flight risk.**

Strong and compelling evidence supports the government's case. As noted above and as discussed in the criminal complaint, the victim's statements are corroborated by other law enforcement witness accounts and video footage on the incident. Faced with such powerful evidence of her guilt, the defendant has a strong incentive to flee.

**C.     The defendant's history and characteristics favor detention.**

The defendant's history and characteristics weigh heavily in favor of detention. The defendant's meaningful ties to Canada far outnumber any ties she has to the Buffalo area. In fact, it is unclear whether the defendant has a single, meaningful tie to the United States let alone to Buffalo. Moreover, as the Pre-Trial Services Report notes, her last trip to the United States – with extensive European travel taking place in 2022 – was in 2016.

**D.     Serious risk of danger to the community and others remains.**

The government's concern for the safety of the community and others remains real. More specifically, with no known criminal history, the defendant's first criminal act was to violently attack and wound a uniformed federal agent engaged in his official duties. Moreover, the defendant's actions concerned the mere request to search her purse when attempting to enter the United States. The sheer unprovoked violent conduct upon the victim underscores the serious risk of danger to the community and others, which remains real.

**II.    RELEASE CONDITIONS PROPOSED ARE INSUFFICIENT TO MITIGATE THE DANGER TO THE COMMUNITY AND OTHERS AND ARE INSUFFICIENT TO PREVENT FLIGHT.**

Given the seriousness of the charge, none of the release conditions are sufficient to ensure the defendant's appearance or the safety of the community and others.

## CONCLUSION

The Court should order that Romane Toumani remain detained pending trial and revoke Magistrate Judge Roemer's release order.

DATED:  Buffalo, New York, February 13, 2024.

TRINI E. ROSS
United States Attorney

*s/ ANDREW J. HENNING*
Andrew J. Henning
Assistant U.S. Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5796
Andrew.Henning@usdoj.gov

5