UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA                          24-MR-80-JLS

      v.                                              **MEMORANDUM IN OPPOSITION**
                                                  **TO MOTION TO REVOKE JUDGE**
ROMANE TOUMANI,                                   **ROEMER'S RELEASE ORDER**
           Defendant.
_____

     Our society dictates that "liberty is the norm, and detention prior to trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). Accordingly, the Bail Reform Act reflects a "presumption favoring pretrial release for the majority of Federal defendants." *United States v. Berrios–Berrios*, 791 F.2d 246, 250 (2d Cir. 1986).

     Ms. Toumani is not the exception. In fact, this Court need go no further than 18 U.S.C. § 3142(b), which instructs courts to first consider – before imposing any conditions – the release of the defendant on his or her own recognizance. This case requires nothing more.

     Ms. Toumani is a Masters-educated young woman with absolutely zero criminal history and a steady work and education history. She has meaningful family support both here in the United States and in the Toronto area where she lives and works with her sister. Indeed, her father and her aunt, the latter of whom is a U.S. citizen who lives and works in Buffalo, came to the detention hearing before Judge Roemer and fully support Ms. Toumani. There is absolutely nothing in her history that would suggest she is a serious risk of flight or a danger to the community.

     The fact that Ms. Toumani resides in Canada, a border that is a mere 15 minutes from the steps of the Jackson Courthouse, cannot be the sole basis for her detention. Yet, the government argues without

support that Ms. Toumani is a flight risk and a danger, such that the *least* restrictive option for a crime that is often resolved by way of a misdemeanor and no prison time, is pretrial jail. *See United States v. Pirot*, 22-CR-23-WMS (W.D.N.Y. 2023) (defendant charged with biting CBP officer and pled guilty to a misdemeanor. Sentenced to time served of one day).[1]

Ms. Toumani has already spent an unnecessary week in jail, prolonged due to an appeal that borders on the frivolous. If this Court were to modify Judge Roemer's order at all, it should modify it to remove the $5,000 bond, in accordance with § 3142(b).

DATED:     Buffalo, New York, February 15, 2024.

Respectfully submitted,

**/s/ Jeffrey T. Bagley**
Jeffrey T. Bagley
Assistant Federal Public Defender
Federal Public Defender's Office
300 Pearl Street, Suite 200
Buffalo, New York 14202
(716) 551-3341; FAX: 551-3346
Jeffrey_Bagley@fd.org

TO:   Andrew Henning
      Assistant United States Attorney

---

[1] Despite that Ms. Pirot resided many hours away in a different state, the government did not even move for her pretrial detention. Indeed, the United States Attorney's Justice Manual advises that "[p]rosecutors should not seek detention merely because the Bail Reform Act permits such an argument to be made or presumes that detention, based on the charges, is appropriate." 9-6.100. Available at, https://www.justice.gov/jm/jm-9-6000-release-and-detention-pending-judicial-proceedings.